Chief Justice Bibb
delivered the Opinion of the Court.
Jones purchased of Froman a tract of land; paid half the purchase money, and executed his obligations for the residue, payable in two instalments of two hundred and fifty dollars each. After these fell due, Jones confessed judgments at law, reserving his right to be heard in equity as to his complaints against Froman,
Some time thereafter, Froman filed his bill, to subject the land so sold to the payment of the balance of the purchase money due. Jones confesses the balance due, and that judgments were rendered at law, and that they are unpaid, but claims credit for damages alleged, in waste committed by Froman upon part of the premises not yet delivered to him, and for rents. By an amended answer he calls for an exhibition of the title, and asks a rescission of the contract and for a decree to subject the land to sale, to refund the sum he had paid. He refers to a bill pending by Crist against Froman and Jones, to establish and be quieted in a privilege of conveying salt water through the land, and asks a consolidation of the suits.
Decree of the poui't below.
Principles of the decree approved.
The cases were heard together; a decree in favor of Crist is made against Jones and Froman, establishing Crist’s privilege for life, and injoining Jones from committing any farther obstructions.
In the case of Froman vs. Jones, a decree is rendered emphatically for the money, due by the judgment at law, and also for the costs of the suit at law; a sale is ordered; a commissioner is appointed to sell; and the commissioner directed not to sell before a specified day, until which day time was given to Jones to pay the sum decreed, and that the commissioner sell only so much as will satisfy the decree; and the costs in chancery are also decreed.
To this decree in the case of Froman against him, Jones prosecutes his writ of error; but not to Crist’s case.
We see no cause for rescinding the contract, Jones does not, in either answer to the bill of Fro-man, nor in his allegations by way of cross bill, pretend that he did not know of Crist’s claim of the privilege, in his answer to Crist’s bill, he states he had notice of it from Crist himself, but he was not awai’e of the extent of the privilege until Crist exhibited the paper in his suit, and in that answer he prays against Froman damages to the amount of fifteen hundred dollars, (if Crist’s right should be established,) based upon calculations of disappointed profits in salt-making, and inability' to exclude Crist from competing with him. It is proved that he had notice of this claim of privilege, by his own confession, and by the deposition of a person present at the bargrin, and by the fact that Crist was then in the actual use and enjoyment of his privilege claimed, by a line of pipes, cistern &c. for conducting the water from Bullitt’s lick, through the land bought of Froman, and Crist had long before been in the enjoyment of it, having acquired the privilege from the father of Froman the patentee, before he conveyed to the son, the complainant and vendor. The decree of Crist vs. Jones and Fro-man is not a subject of revision now before us.
Error in the directions for carrying tho decree into eifcct.
In making a decree for the sale of land to satisfy a lien, the court should ascertain the balance due; allow time, and ñx a day m term for the payment; upon the nonpayment by the day fixed being suggested, a commissioner is to be apr pointed, to sell so much of the land as will raise the mono}', upon such terms and notice as the court directs,
Wicklijfe, for plaintiff; Benny, for defendant.
As little cause is Hiere for suggesting a doubt as to the title, the patent and deeds are regular and shew a clear title vested in Froman to the land sold.
Nor is there better foundation for the claim to an account of rents, and damages, and waste, said to be committed by Froman. Jones bought the land for the timber, to be used in salt making, as he states in his answer to Crist’s bill. At the time of his purchase, he gave in writing to Froman, the privilege of occupancy of a part of the laud and the use of fuel and timber, which is the use and occupancy complained of.
But the decree as made is so variant from that which ought to have been made, that it must be set right by reversal.
The court ought to assign a day, allowing reasonable time, for the defendant Jones to pay the balance due; conditional in its terms, that unless he paid the sum stated in the decree as the balance of principal and interest due, that the court would make such farther order and decree as might be necessary to enforce payment by a sale of the land; the day so appointed ought to be a day in term; after that day past, upon suggestion that the money has not been paid, and the court being satisfied of the default of the defendant in that behalf, then an order and decree for the sale of so much of the land as should be necessary, should-pass; and a commissioner or commissioners should be appointed to sell, under such terms, and upon such notice as the court in its discretion should prescribe.
It is, therefore, ordered and decreed that the decree of the circuit court be reversed, and the cause remanded for proceedings to be had, not inconsistent with this opinion; and it is further ordered and decreed that the defendant pay to the complainant his costs in this court expended in this behalf.